IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NANCY J. WILGUESS, an individual,    )
    )
    Plaintiff,    )
    )
v.    )    No. CIV-14-1367-C
    )
TARGET CORPORATION and    )
TARGET STORES, INC., NO. 1398,    )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion and Brief for Summary Judgment (Dkt. No.

29), filed on August 3, 2015. Plaintiff has responded (Dkt. No. 32), and Defendant did not

file a reply. The motion is now at issue.

## I. BACKGROUND

On Thanksgiving night in 2012, Plaintiff Nancy Wilguess arrived at the store owned

and operated by Defendant, Target Corporation, for its annual "Black Friday" sale. It is

undisputed that Plaintiff was an invitee of Defendant. Due to the limited number of

discounted items, several customers arrived early causing a line to form around the building.

Upon arriving at Target, Plaintiff headed toward the front of the line but was then directed

by a Target employee to go to the end of the line. On her way to the back of the line Plaintiff

tripped and fell on the black asphalt. Defendant argues that the Court should grant its Motion

for Summary Judgment (Dkt. No. 29) because Plaintiff bases her trip and fall claim on

nothing more than speculation and conjecture and no reasonable person would consider the

Target parking lot hazardous. Plaintiff disputes Defendant's arguments.

## II.  STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Id.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.  ANALYSIS

In order to prove a prima facie case of negligence, a plaintiff must show that (1) the premises owner owed the plaintiff a duty to protect the plaintiff from injury; (2) the premises owner breached that duty; and (3) the duty breached proximately caused an injury to plaintiff. Scott v. Archon Grp., L.P., 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211. It is undisputed that Defendant owed a duty to Plaintiff; however, Defendant argues that Plaintiff has failed to show that the duty owed was breached, and that the breach was the proximate cause of Plaintiff's injury. Defendant points to certain excerpts of Plaintiff's deposition testimony arguing that Plaintiff's testimony is based on mere speculation and conjecture, and because of this Oklahoma law requires that judgment be granted in Defendant's favor.

The governing standard at the summary judgment stage is that the Court views the Plaintiff's evidence in the light most favorable to her. Matsushita, 475 U.S. at 587 ("'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'") (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). The fatal flaw in Defendant's argument is that it fails to do just this. Although there were occasions where Plaintiff's deposition testimony was dubious as to the cause of the fall, mere speculation or conjecture are not present in this case. There are enough instances where Plaintiff unequivocally attributes the fall to a defect in Defendant's pavement. On pages 12-13 of Plaintiff's testimony, Plaintiff is asked, "Did you fall at the Edmond Target in November of 2012," to which she responds, "Yes, I did" and goes on to say, "someplace along the way, I fell in a hole." (Pl.'s Resp., Dkt. No. 32, Ex. 1.) Again, on page 16, she states, "No, it was just a hole. . . . it just caught my foot." (Id.) Even though

3

there are some portions of her testimony where Plaintiff is equivocal about the actual cause of her fall, she has tendered *some* evidence from which a reasonable jury could find that a defect in Defendant's pavement caused her to fall. Thus, Defendant's argument that Plaintiff offers only speculation or conjecture is in error. Whether Plaintiff's fall was caused by a hole in Defendant's parking lot is a disputed material fact and a question for the jury, therefore summary judgment is improper.

## IV. CONCLUSION

Because there are facts in dispute regarding whether the Target parking lot was hazardous, Defendant's Motion for Summary Judgment (Dkt. No. 29) is DENIED.

IT IS SO ORDERED this 2nd day of September, 2015.


ROBIN J. CAUTHRON
United States District Judge